**Teresa WEGENER, Petitioner,**

**v.**

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 02–3213.**

United States Court of Appeals, Federal Circuit.

Oct. 21, 2002.

Before GAJARSA, Circuit Judge, PLAGER, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

Teresa Wegener petitions for review of the final decision of the Merit Systems Protection Board ("Board"), Docket No. SF–844E–01–0250–I–1, affirming the reconsideration decision of the Office of Personnel Management ("OPM") dismissing Ms. Wegener's application for disability retirement benefits submitted pursuant to the Federal Employee Retirement System ("FERS") as untimely. We *affirm.*

## BACKGROUND

Ms. Wegener was employed as a Laborer at the Department of Interior, National Park Service, in Boulder City, Nevada, until she was removed from her position on November 13, 1995. On February 28, 2000, approximately 51 months after her separation from federal service, Ms. Wegener filed an application for disability retirement due to "physical and mental impairment." OPM issued an initial decision on May 31, 2000, dismissing her application as untimely because she did not file her application within the one-year statutory time limit and there was no basis to waive the time limit. OPM subsequently denied her request for reconsideration on February 2, 2001.

Ms. Wegener appealed OPM's decision to the Board. The Administrative Judge assigned to the case issued an initial decision on June 26, 2001, affirming the OPM's reconsideration decision. The Administrative Judge found that Ms. Wegener failed to establish by preponderant evidence that the one-year statutory time limit should be waived. On January 24, 2002, the Administrative Judge's initial decision became the final decision of the Board when the full Board denied Ms. Wegener's petition

for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115. This petition for review followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in a petition for review from a decision of the Board is limited. We are obligated to affirm the Board's decision unless we find it to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Kewley v. Dep't of Health and Human Servs.,* 153 F.3d 1357, 1361 (Fed. Cir.1998).

■ A disability retirement application under FERS must be filed with the OPM before the employee is separated from government service or within one year thereafter. 5 U.S.C. §§ 8401(24), 8402, 8453 (1994) (amendments subsequent to 1995 are irrelevant). The OPM may waive the limit, however, if the employee is mentally incompetent during the one-year time limit and files the claim within one year after regaining competency. *Id.* § 8453. Medical evidence must support the claim of mental incompetence. *See Thieken v. Office of Pers. Mgmt.,* 56 M.S.P.R. 192, 194 (1993). Furthermore, a medical provider's conclusion that an individual is mentally incompetent is persuasive only if the medical provider explains how a mental illness renders the individual incompetent. *See Gonzales v. Office of Pers. Mgmt.,* 91 M.S.P.R. 46, 49 (2002). The employee bears the burden of proving mental incompetence. *Jeter v. Office of Pers. Mgmt.,* 71 M.S.P.R. 495, 500 (1996).

■ It is undisputed that the OPM received Ms. Wegener's application for dis-

ability retirement beyond the one-year statutory time limit. In order to be entitled to a waiver of the time limit, Ms. Wegener was required to demonstrate that she became mentally incompetent before November 13, 1996 (one year after her removal became effective), and remained incompetent until at least February 28, 1999 (one year before she filed for disability). Substantial evidence supports the Board's finding that Ms. Wegener failed to submit sufficient medical evidence to show that she was mentally incompetent during the period in question.

The medical evidence shows that Ms. Wegener was hospitalized for a psychiatric condition in early 1995, but her discharge summary indicates that at the time of her discharge in March 1995 she was "stable" and able to return to work. On February 28, 1996, Dr. Bruce Tollefson, Ph.D., conducted a mental status examination of Ms. Wegener on behalf of the State of Nevada, Bureau of Disability Adjudication, and reported that she was "functioning at a relatively high level" and capable of managing her own funds. In April 1996, Ms. Wegener received treatment at the Southern Nevada Adult Mental Health Services and the associated progress notes state that she was treated for anxiety/panic disorder and depression, but that there was "no evidence of psychotic thought processes." Notes from the same clinic on August 1, 1996, indicate that Ms. Wegener's depression was stable; she was well organized and compliant with her current medications. Furthermore, Dr. Samuel Wise, a specialist in physical medicine and rehabilitation and Ms. Wegener's primary care physician since 1990, testified that she was able to run her household, go shopping, and perform other day-to-day tasks by 1999. Ms. Wegener also submitted affidavits from her sister and mother and testified on her own behalf in support of her claim of mental incompetence, but subjec-

tive statements of incompetence must be supported by medical evidence. *See Thieken,* 56 M.S.P.R. at 194. Lastly, as the Administrative Judge noted, Ms. Wegener's mental competence was also demonstrated by her active pursuit of other federal claims after her separation. *See Smith v. Office of Pers. Mgmt.,* 82 M.S.P.R. 642, 645–46 (1999). Although she received assistance with some of these claims from attorneys, that fact alone without medical evidence of mental incompetence does not establish that she was incapable of managing her own affairs. *See e.g., Hass v. Office of Pers. Mgmt.,* 84 M.S.P.R. 110, 112–16 (1999).

Ms. Wegener indicated to the Administrative Judge that her employing agency never told her to file for disability retirement and she filed for such benefits as soon as she became aware of this option. Even accepting Ms. Wegener's factual allegation, the OPM cannot be estopped from enforcing the one-year statutory filing deadline where the employee's former agency failed to notify the employee of the right to file a disability retirement application. *Overall v. Office of Pers. Mgmt.,* 52 M.S.P.R. 15, 17 (1991).

Ms. Wegener does not provide any argument on appeal. Documents attached to her informal brief indicate that she may have a complaint pending before the Equal Employment Opportunity Commission ("EEOC"). However, an EEOC complaint does not speak to the issue of Ms. Wegener's mental incompetence during the time period in question.

Because the Board's decision is not arbitrary, capricious, or an abuse of discretion, is in accordance with the law, and is supported by substantial evidence of record, we affirm.